UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
Yun CHEN,
     A72 183 172
               Plaintiff,             Civil No. 1:07-cv-03120-DC


     -against-                       **COMPLAINT**


Michael CHERTOFF,
Secretary, Department of Homeland Security,

Mary Ann Gantner,
District Director, U.S. Citizenship and
Immigration Services, New York City District

Alberto GONZALES,
Attorney General of the United States

United States of Citizenship and
Immigration Services,

               Defendants.
-------------------------------------------------------X


Plaintiff, Yun CHEN, by and through counsel, alleges the following:

     1.    This is an action for declaratory and injunctive relief and in the

nature of a mandamus to compel agency action that has been unlawfully

withheld.

## JURISDICTION

2.    This action arises under the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. §§1101 *et seq.*, the Administrative Procedure Act ("APA"), 5 U.S.C. §§551 *et seq.*, and the mandamus statute, 28 U.S.C. §1361.This court has subject matter pursuant to 28 U.S.C. §§1331, 1337 and 1361; the Court may grant relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201 *et seq.,* the INA, the APA, and 28 U.S.C. § 1361.

## PARTIES

3.    Plaintiff, Yun CHEN (hereinafter, Ms. CHEN), is a native and citizen of the People's Republic of China born on October 21, 1971.

4.    Ms. CHEN is currently residing at 100 Allen Street, Apartment 5-B, New York, New York, 10002, which is within the jurisdiction of this Court.

5.    Defendant United States  Citizenship and Immigration Services ("BCIS") is an agency organized and existing under the laws of the United States of America.  The BCIS has responsibility for adjudicating applications under the Act, and maintains offices within the Southern District of New York.

6.    Defendant Michael CHERTOFF, is the duly appointed, qualified, and confirmed Secretary of the Department of Homeland Security, and as such is the official charged with the supervision, oversight, and direction of the BCIS.

7.    Defendant, Mary Ann GANTNER, is the district director for the New York District of the BCIS.  The New York District office has jurisdiction over the five boroughs of New York City and the nine counties within the State of New York, and has the responsibility of adjudicating immigration applications within these confines.

8.    Defendant Alberto GONZALES is the duly appointed, qualified, and confirmed Attorney General of the United States, and as such is the official charged with the enforcement of the laws of the United States and the official charged with the enforcement of the laws of the nation.

## **VENUE**

9.    Venue is proper in that Petitioner resides at 100 Allen Street, Apartment 5-B, New York, New York, 10002, which is within this District.  Petitioner's application for naturalization is pending before USCIS' New York District Office at 26 Federal Plaza, New York, NY, which is also within this District.

## FACTS

10.    On October 2, 1996, Ms. CHEN was granted asylum in the United States.

11.    On March 10, 1997, Ms. CHEN was issued an I-94 card showing "asylum status granted pursuant to section 208 INA valid indefinitely."

12.    Ms. CHEN filed an application to adjust her status to that of a lawful permanent resident prior to May 2, 1998.

13.    On May 2, 1998, Ms. CHEN received a notice that she was scheduled for an interview with the then-Immigration and Naturalization Service for March 4, 1999.

14.    On March 4, 1999, Ms. CHEN was interviewed by the then-Immigration and Naturalization Service at the New York District Office, 26 Federal Plaza, New York, NY for adjustment of status.

15.    On August 4, 2000, Ms. CHEN received a letter from Edward McElroy, then District Director for the New York District Office, notifying Ms. CHEN that her application for permanent resident status had been retained for the allocation of an Immigrant Visa number.  The letter informed Ms. CHEN that the wait would be approximately one to two years.

16.    Upon information or belief, on or about December 5, 2000, Ms.
CHEN had her fingerprints taken as part of the standard procedure for
processing applications for adjustment of status to that of a lawful
permanent resident.

17.    On February 14, 2003, Ms. CHEN inquired, by letter, to the
Supervisor of the 245 Section of the then-INS, about the status of her
adjustment application and noting Ms. CHEN's change of address.  No
response was received.

18.    On December 12, 2003 a Status Inquiry Form was hand
delivered to the 245 Section of the New York District Office inquiring
about the status of Ms. CHEN's application.  No response was received.

19.    On July 29, 2004, Ms. CHEN inquired again, by letter, to the
245 Section of the New York District Office, about the status of her
adjustment application.

20.    On September 9, 2004, Ms. CHEN made a personal inquiry
with the New York District Office using INFOPASS (a procedure for
obtaining status information regarding one's case).

21.    Upon information and belief, an officer at the 245 Section of
the New York District Office informed Ms. CHEN at the INFOPASS
inquiry that her file was no longer at the New York District Office and that

he could not locate the file or provide any additional information about the status of the case.

22.     On December 2, 2004, Ms. CHEN, by letter, made an additional inquiry into the status of her case.  No response was received.

23.     On September 15, 2005, Ms. CHEN, by letter, made an additional inquiry into the status of her case.  No response was received.

24.     On November 17, 2005, Ms. CHEN, by letter, made an additional inquiry into the status of her case.  No response was received.

25.      In order to qualify for adjustment of status to that of a lawful permanent resident, as a person having been previously granted refugee status, an alien must meet the following criteria:

> (1) applies for such adjustment,
> (2) has been physically present in the United States for at least one year after being granted asylum,
> (3) continues to be a refugee within the meaning of section 1101 (a)(42)(A) of this title or a spouse or child of such a refugee,
> (4) is not firmly resettled in any foreign country, and
> (5) is admissible (except as otherwise provided under subsection (c) of this section) as an immigrant under this chapter at the time of examination for adjustment of such alien.

8 U.S.C. § 1159 (b).

Ms. CHEN meets this criteria.

## COUNT ONE

26.    The allegations set forth in paragraphs 1 through 25 above are repeated and re-alleged as though fully set forth herein.

27.    Under the APA, 5 U.S.C. § 555(a), agencies are required to proceed with reasonable dispatch to conclude matters presented to them. Under the APA, 5 U.S.C. §706(a), this Court has the power to compel agency action which has been unlawfully or unreasonably withheld or delayed.

28.    The continuing failure of the USCIS to adjudicate Ms. CHEN's application for Adjustment of Status (form I-485), filed over  violates the APA requirement that agencies proceed with reasonable dispatch to adjudicate the matters presented to them.

## COUNT TWO

29.    The allegations set forth in paragraphs 1 through 28 above are repeated and re-alleged as though fully set forth herein.

30.    The actions of USCIS, in failing to adjudicate Ms. CHEN's adjustment application deprives Ms. CHEN of a protected interest contrary to the Due Process clause of the Fifth Amendment of the U.S. Constitution. *See INS v. Cardoza-Fonseca*, 107 S. Ct. 1207, 1219 (1987) ("The distinction between the mandatory and discretionary parts of the statute has

practical significance. What the Attorney General and his delegates must exercise is discretion.") (citations omitted); *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 267 (1954). ("failure to exercise discretion is a reversible error."); *Asimakopoulos v. INS*, 445 F.2d 1362, 1365 (9th Cir. 1992) ("The Board's failure to exercise discretion is reversible error."); *Fesseha v. INS*, 1999 U.S. App. LEXIS 20852, *4 (10th Cir. 1999) ("When the regulations grant the attorney general discretion, the attorney general must to exercise its discretion."); *Kazlauskas v. INS*, 46 F.3d 902, 905 (9th Cir. 1995) (**"**If an applicant can show eligibility for asylum, then the INS must exercise its discretion to determine if the applicant is entitled to asylum."); *Doe v. United States*, 54 Fed. Cl. 404, 405 (2002) (when congress divest an agency discretion, the agency "must exercise its discretion" when deciding matters before it.).

## COUNT THREE

31.    The allegations set forth in paragraphs 1 through 30 above are repeated and re-alleged as though fully set forth herein.

32.    The failure of USCIS to adjudicate Ms. CHEN's application to adjust her status constitutes irreparable harm.

**WHEREFORE,** Ms. CHEN prays this Honorable Court and demands

judgment against defendants as follows:

    a.  Declare the failure of the United States of Citizenship and

       Immigration Services to adjudicate Ms. CHEN's application to

       adjust her status unlawful;

    b.  Order defendant to adjudicate the applications forthwith;

    c.  Grant Ms. CHEN's costs and attorney's fees associated with this

       action; and

    d.  Grant any and all other relief this Court deems just and proper.


Dated:      New York, New York
            April 13, 2007

                   Respectfully submitted,


                   _____
                   Joshua Bardavid, Esq.
                   Counsel for Petitioner

                   401 Broadway, 22nd Floor
                   New York, New York 10013
                   Phone: (212) 219-3244
                   Fax: (212) 219-3235
                   Email: Josh@Bardavidlaw.com

## ATTORNEY VERIFICATION

I, Joshua Bardavid, authorized representative of Plaintiff, affirm under penalty of perjury that:

The statement of facts contained in the Complaint are true my knowledge, except as to those matters that are stated in it on my information and belief, and as to those matters, I believe them to be true.


Dated:          New York, New York
                April 13, 2007

                        Respectfully submitted,


                        _____
                        Joshua Bardavid, Esq.
                        Counsel for Petitioner

                        401 Broadway, 22nd Floor
                        New York, New York 10013
                        Phone: (212) 219-3244
                        Fax: (212) 219-3235
                        Email: Josh@Bardavidlaw.com

## <u>AFFIRMATION OF SERVICE</u>

Joshua E. Bardavid, being an attorney duly admitted to the practice of law in the States of New York and in the courts of the United States does hereby affirm under penalties of perjury and pursuant to New York CPLR 2106 that the following is true:

On April 13, 2007, I placed a true copy of the attached Petition for a writ of Mandamus in a secure envelope and mailed the same via U.S. Postal Service, postage pre-paid, to:

U.S. Attorney's Office
for the Southern District
86 Chambers Street, 3rd Floor
New York, NY 10007

Alberto Gonzales, Attorney General of the United States
United States Department of Justice
10th St. & Constitution Avenue, NW
Washington, D.C. 20530

Mary Ann Gantner, District Director
26 Federal Plaza 8th Floor, Room 800
New York City, NY 10278

Michael Chertoff, Secretary
Department of Homeland Security
Nebraska Avenue Center, NW
Washington, D.C. 20508

Dated:      New York, New York
            April 13, 2007

_____
Joshua Bardavid, Esq.
Counsel for Petitioner

401 Broadway, 22nd Floor
New York, New York 10013
Phone: (212) 219-3244
Fax: (212) 219-3235