MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By:     F. JAMES LOPREST, JR. (FJL:3210)
Special Assistant United States Attorney
86 Chambers Street, Room 410
New York, New York 10007
Tel. No.:  (212) 637-2728

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
YUN CHEN, A72 183 172,                                     :

                        Plaintiff,                   :

                                                          ANSWER
- v. -                                                                     :
                                                             07 Civ. 3120 (DC)
MICHAEL CHERTOFF, Secretary, Department        :
of Homeland Security; MARY ANN GANTNER,                              FILED ELECTRONICALLY
District Director, U.S. Citizenship and                    :
Immigration Services, New York City District;
ALBERTO GONZALES, Attorney General              :
of the United States; and UNITED STATES OF
CITIZENSHIP AND IMMIGRATION SERVICES,    :

                        Defendants.              :
------------------------------------------------------------------------x

       Defendants Michael Chertoff, United States Secretary of Homeland Security; Andrea Quarantillo, District Director of the New York District of United States Citizenship and Immigration Services ("CIS")[1]; Alberto Gonzales, Attorney General of the United States; and the CIS (collectively, "defendants" or "Government"), by their attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, hereby answer the complaint of plaintiff Yun Chen A72 183 172 ("plaintiff" or "Chen"), upon information and belief, as follows:

---

[1] Andrea Quarantillo has succeeded Mary Ann Gantner as the District Director of the CIS's New York District and, therefore, should be substituted as a defendant in this action pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1. Deny the allegation in paragraph 1 of the complaint that defendants have "unlawfully withheld" any "agency action" respecting plaintiff; and neither admit nor deny the remaining allegations in paragraph 1 because they constitute plaintiff's characterization of this action, prayer for relief, and/or conclusions of law, to which no response is required.

2. Neither admit nor deny the allegations in paragraph 2 because they constitute conclusions of law, to which no response is required; and respectfully refer the Court to the statutes cited in paragraph 2 for accurate statements of their provisions. To the extent that a further response to the allegations in paragraph 2 is required, defendants deny the allegations.

3. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 3.

4. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 4.

5. Neither admit nor deny the allegations in paragraph 5 because they constitute conclusions of law, to which no response is required; except admit that defendant CIS is an agency of the United States Government.

6. Neither admit nor deny the allegations in paragraph 6 because they constitute conclusions of law, to which no response is required; except admit that defendant Michael Chertoff is the United States Secretary of Homeland Security, and that the CIS is an agency within the United States Department of Homeland Security.

7. Neither admit nor deny the allegations in paragraph 7 because they constitute conclusions of law, to which no response is required; except deny that Mary Ann Gantner is the

District Director of the CIS's New York District and aver, rather, that Andrea Quarantillo has succeeded Mary Ann Gantner as the District Director of the CIS's New York District.

8. Neither admit nor deny the allegations in paragraph 8 because they constitute conclusions of law, to which no response is required; except admit that defendant Alberto Gonzales is the Attorney General of the United States.

9. Deny the allegation in paragraph 9 that plaintiff's naturalization is pending before the CIS's New York District office; deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations regarding plaintiff's place of residence; and neither admit nor deny the remaining allegations in paragraph 9 because they constitute conclusions of law, to which no response is required. To the extent that a further response to the remaining allegations in paragraph 9 is required, defendants deny the allegations.

10. Admit the allegations in paragraph 10.

11. Admit the allegations in paragraph 11; and respectfully refer the Court to the statute cited in paragraph 11 for an accurate statement of its provisions.

12. Admit the allegations in paragraph 12.

13. Admit the allegations in paragraph 13.

14. Admit the allegations in paragraph 14.

15. Admit the allegations in paragraph 15; and aver that: (1) plaintiff submitted an application ("adjustment application" or "Form I-485 application") to the New York District office of the former Immigration and Naturalization Service ("INS")[2], seeking a discretionary adjustment

---

[2] As of March 1, 2003, the INS ceased to exist as an independent agency within the United States Department of Justice, and its functions respecting the adjudication of aliens' applications for immigration benefits – such as the application for a discretionary adjustment of immigration status

of her immigration status to that of a lawful permanent resident of the United States, pursuant to §§ 209(a) and 245(a) of the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. §§ 1159(a) & 1255(a); (2) plaintiff's adjustment application was based upon a conditional grant of asylum in the United States, pursuant to INA § 208(a), 8 U.S.C. § 1158(a); (3) the basis of her eligibility for asylum was initially conditional because Congress, in former INA § 207(a)(5), 8 U.S.C. § 1157(a)(5), limited to 1,000 per annum the number of aliens who may be granted asylum in the United States based on their claimed opposition to coercive family-planning laws; (4) Congress, in former INA § 209(b), 8 U.S.C. § 1159(b), further limited to 10,000 per annum the number of aliens to whom it may extend discretionary grants of adjustment of status based on those aliens having been granted asylum in the United States, pursuant to INA § 208(a), 8 U.S.C. § 1158(a); (4) the CIS (as the INS's successor agency) maintains a waiting list of aliens who have been found eligible for grants of asylum based upon their claimed opposition to coercive family-planning laws; (5) applicants on the waiting list are ranked according to the priority of the date on which they were found eligible for asylum; and (6) such applications are currently being adjudicated by the CIS's Nebraska Service Center, located in Lincoln, Nebraska.  In further response to the allegations in paragraph 15, defendants aver that on May 11, 2005, President Bush signed into law the Real ID Act of 2005, provisions of which amended: (1) INA § 207(a)(5), 8 U.S.C. § 1157(a)(5), by eliminating the annual cap on the number of aliens who may be granted political asylum based on their claimed opposition to coercive family-planning laws; and (2) INA § 209(b), 8 U.S.C. § 1159(b),

---

at issue herein – were assumed by the CIS, within the Department of Homeland Security.  See Homeland Security Act of 2002, Pub. L. 107-296, § 471(a), 116 Stat. 2135, 2205 (Nov. 25, 2002); 68 Fed. Reg. 10922-01, 2003 WL 735330 (Mar. 6, 2003); see also Clark v. Martinez, 533 U.S. 371, 374 n.1 (2005); Chan v. Gantner, 464 F.3d 289, 292 (2d Cir. 2006) (per curiam); Brown v. Ashcroft, 360 F.3d 346, 348 (2d Cir. 2004).

by eliminating the annual cap on the number of aliens to whom the CIS may extend grants of adjustment based on grants of asylum, see Real ID Act of 2005, Pub. L. No. 109-13, Title I, § 101(g)(1)(A), 119 Stat. 231, 235 (May 11, 2005).  In further response to the allegations in paragraph 1, defendants aver that until the enactment of the Real ID Act, plaintiff was not eligible for asylum-based adjustment, because of the relatively low priority of her application on the waiting list compared to earlier-filed applications.

      16.    Admit the allegations in paragraph 16.

      17.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17; and avers that the administrative file ("A file") maintained by the CIS (and formerly by the INS) with respect to plaintiff (alien registration number A7 183 172) does not contain the letter referred to in paragraph 17, nor any written response thereto by the CIS or INS.

      18.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18; and avers that plaintiff's A file does not contain the inquiry form referred to in paragraph 18, nor any written response thereto by the CIS.

      19.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19; and avers that plaintiff's A file does not contain the letter referred to in paragraph 19, nor any written response thereto by the CIS.

      20.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20.

      21.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21; and avers that plaintiff's adjustment application is being adjudicated by the CIS's Nebraska Service Center, located in Lincoln, Nebraska.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22; and avers that plaintiff's A file does not contain the letter referred to in paragraph 22, nor any written response thereto by the CIS.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23; and avers that plaintiff's A file does not contain the letter referred to in paragraph 23, nor any written response thereto by the CIS.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24; and avers that plaintiff's A file does not contain the letter referred to in paragraph 24, nor any written response thereto by the CIS.

25. Neither admit nor deny the allegations in paragraph 25 because they constitute conclusions of law, to which no response is required; and respectfully refer the Court to the statutes cited in paragraph 25 for accurate statements of their provisions. To the extent that a further response to the allegations in paragraph 25 is required, defendants deny the allegations.

26. In response to paragraph 26, defendants incorporate as if restated herein their responses, supra, to paragraphs 1 through 25 of the complaint.

27. Neither admit nor deny the allegations in paragraph 27 because they constitute conclusions of law, to which no response is required; and respectfully refer the Court to the statutes cited in paragraph 27 for accurate statements of their provisions. To the extent that a further response to the allegations in paragraph 27 is required, defendants deny the allegations.

28. Deny the allegations in paragraph 28; and respectfully refer the Court to the statute cited in paragraph 28 for an accurate statement of its provisions.

29. In response to paragraph 29, defendants incorporate as if restated herein their responses, supra, to paragraphs 1 through 28 of the complaint.

30. Deny the allegations in paragraph 30; and respectfully refer the Court to the Fifth Amendment of the United States Constitution, cited in paragraph 30, for an accurate statement of its provisions, and to the judicial decisions cited in paragraph 30 for accurate statements of their holdings.

31. In response to paragraph 31, defendants incorporate as if restated herein their responses, supra, to paragraphs 1 through 30 of the complaint.

32. Deny the allegations in paragraph 32.

### AS AND FOR A FIRST DEFENSE

The Court lacks jurisdiction over the subject matter of this action.

### AS AND FOR A SECOND DEFENSE

Plaintiff's claims are not ripe for review.

### AS AND FOR A THIRD DEFENSE

Plaintiff has failed to exhaust administrative remedies.

### AS AND FOR A FOURTH DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A FIFTH DEFENSE

Plaintiff has failed to show she is owed a peremptory duty that defendants have refused to perform.

### AS AND FOR A SIXTH DEFENSE

Mandamus will not lie against defendants to control the exercise of their administrative judgment and discretion.

AS AND FOR A SEVENTH DEFENSE

The length of time that plaintiff's adjustment application has been pending is attributable to her own actions.

AS AND FOR AN EIGHTH DEFENSE

Because the CIS was formerly constrained to limit to 1,000 per annum the number of aliens who may be granted asylum in the United States based on their claimed opposition to coercive family-planning laws, and to further limit to 10,000 per annum the number of aliens to whom the Government may extend discretionary grants of adjustment of status based on those aliens' grants of asylum, plaintiff was not eligible for such adjustment (because of the relatively low priority of her application on the waiting list compared to earlier-filed applications) until the enactment of the Real ID Act.  See Saleh v. Ridge, 367 F. Supp. 2d 508, 511 (S.D.N.Y. 2005) (dismissing complaint seeking to compel adjudication of asylum-based adjustment application; holding that an alien's " request for adjudication [of adjustment application] disregards entirely the fact that there are 160,000 applications pending aside from his own").

WHEREFORE, defendants respectfully request that this Court enter judgment dismissing the complaint in its entirety and for such other relief as this Court deems proper.

Dated: New York, New York
    August 21, 2007

                MICHAEL J. GARCIA
                United States Attorney for the
                Southern District of New York
                Attorney for Defendants

By:  /s/_____
     F. JAMES LOPREST, JR.
     Special Assistant United States Attorney
     86 Chambers Street, Room 410
     New York, New York  10007
     Tel. No.:  (212) 637-2728
     (FJL:3210)

- 9 -

TO:    JOSHUA BARDAVID, ESQ.
         Attorney for Plaintiff
         401 Broadway, 22nd Floor
         New York, NY  10013